Hon. Stanley Russ State Senator Post Office Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an official opinion on the following issue:
 If the quorum court of a county establishes a public safety communications center and levies an emergency telephone service charge throughout the county to finance the center, does this Act require that the service charge levied against each telephone in the area be a percentage of the tariff rate in each area and therefore be varying dollar amounts throughout the county or may the quorum court levy a uniform service charge in a specified amount on each telephone to be served?
Based upon my review of the Arkansas Public Safety Communications Act of 1985 (Ark. Acts 1985, No. 683; Ark. Stat. Ann. 73-1822 — 73-1831), it is my opinion that the emergency telephone service charge must be levied as a percentage of the tariff rate rather than as a uniform charge for each telephone served. This opinion is based upon an interpretation of the Act in question, due to the fact that there are no cases or other statutes which address the issue.
In general, the Act evidences an interest to establish a uniform, simplified method of allowing political subdivisions to improve the provision of emergency aid to citizens. See Ark. Stat. Ann. 73-1823, 2 of Ark. Acts 1985, No. 683. The funding mechanism set up by the Act is consistent with the intent to have uniform simplified procedures.
The funding requirements for public safety communications centers are set out at Section 5 of the Act. Ark. Stat. Ann. 73-1826. At first blush, it appears that the method for funding prescribed therein is permissive rather than mandatory. The Act states that a governing authority MAY levy a service charge at five percent of the tariff rate. However, this apparent discretion is belied by two subsequent portions of the Act.
Section 5(b) appears to prohibit any service charge which exceeds the original five percent tariff. Based upon my general familiarity with telephone rate-making principles, it is probable that a uniform service charge would exceed the five percent limitation for some customers (small users) while dropping considerably below the five percent limit for large users. (Although, please note that the charge to large users is limited to 100 exchange access facilities per person per location.) Consequently, a uniform charge per telephone served would conflict with this portion of the Act.
However, the most compelling language against the levy of a uniform service charge is contained at Section 5(c) of the Act. This provision states that (a)n emergency telephone service charge shall be imposed only upon the amount received from the tariff rate exchange access lines. This statement requires that services be levied upon the tariff rate itself, even though it will, as you note, vary considerably from person to person.
As stated in the foregoing analysis, it is my opinion that the Arkansas Public Safety Communications Act of 1985 leaves political subdivisions no discretion to adopt a rate design other than the levy of a service charge upon a percentage of the tariff rate.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Mary B. Stallcup.